**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CESAR ALDANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00715-RCJ-RAM |
| vs. | ) | |
| | ) | |
| U.S. FINANCIAL MORTGAGE CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a forty-four-page MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. A motion to dismiss, a motion for summary judgment, and a motion to remand are pending before the Court. For the reasons given herein, the Court denies the motion to remand and grants the motions to dismiss and for summary judgment in part.

**I.    THE PROPERTY**

Plaintiff Cesar Aldana gave lender U.S. Financial Mortgage Corp. ("U.S. Financial")  a $142,980 promissory note, secured by a deed of trust ("DOT"), to purchase real property at 5732 Sun Valley Blvd., Sun Valley, NV 89433 (the "Property"). (*See* DOT, Mar. 10, 2005, ECF No. 17-1). U.S. Financial was the trustee. (*See id.*). Plaintiff defaulted and First American Title Insurance Corp., as agent for Quality Loan Service Corp. ("QLS") filed a notice of default

("NOD"). (*See* NOD, Feb. 8, 2010, ECF No. 17-2).  BAC Home Loans Servicing, LP ("BAC") substituted QLS as trustee over two months later. (*See* Substitution, Apr. 22, 2010, ECF No. 17-4).  QLS scheduled a trustee's sale for June 24, 2010, (*see* Notice of Trustee's Sale ("NOS") 1–2, May 24, 2010, ECF No. 17-5), and sold the Property to BAC on Sept 24, 2010, (*see* Trustee's Deed 1–2, Oct. 4, 2010, ECF No. 17-6).

MERS had purported to assign the deed of trust and the beneficial interest thereunder to BAC on March 26, 2010. (*See* Assignment of DOT, Mar. 26, 2010, ECF No. 17-3).  BAC purported to substitute QLS as trustee only after MERS purported to transfer the interest in the mortgage to BAC, but the substitution occurred approximately ten weeks after QLS had already filed the NOD.

**II.    ANALYSIS**

The foreclosure may have been statutorily improper because even if MERS had the ability to transfer the beneficial interest to BAC, which is not clear, BAC only purported to substitute QLS after QLS filed the NOD. *See* Nev. Rev. Stat. § 107.080(2)(c).  The affirmative claims fail for reasons given in other substantively identical cases.  No nuances appear in this case in that regard.

Plaintiff has also filed a motion to remand for lack of jurisdiction.  Plaintiff brings no federal causes of action directly, but he brings a state claim under NRS section 649.370, which is premised entirely on violations of standards that give rise to an independent federal claim under the Fair Debt Collection Practices Act ("FDCPA").  This claim supports federal jurisdiction for the following reasons.

First, there appears to be no private right of action under NRS section 649.370,[1] so the claim must be construed as a federal claim directly under FDCPA.  Second, even assuming a

---

[1] Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649.  The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

private state cause of action, although most federal-question cases are based on federal claims, federal-question jurisdiction can be based purely on a state claim if its resolution necessarily requires the construction of federal law:

> The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

> In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If NRS section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked without creating federal-question jurisdiction. But section 649.370 refers exclusively and coextensively to FDCPA for its substance and provides no basis for liability apart from that provided for in FDCPA, under which a private, federal right of action lies. The Court therefore

finds that even if a private cause of action lied under section 649.370, such a claim would support federal-question jurisdiction. *Ethridge*, 861 F.2d at 1394 n.4.

Next, Plaintiff is diverse from all parties except First Centennial Title Co. and Cindy Cook, and employee thereof. No claim lies against these Defendants, because they are alleged only to have recorded the DOT. They are not alleged to have been involved in the foreclosure.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 12) and the Motion for Summary Judgment (ECF No. 17) are GRANTED in part and DENIED in part. All claims are dismissed except that for statutorily defective foreclosure.

IT IS FURTHER ORDERED that Defendants will not transfer the Property or take any action to evict Plaintiff or his tenants, if any, from the Property for one-hundred (100) days. During this period, Plaintiff will make full, regular monthly payments under the note every thirty (30) days, with the first payment due April 1, 2011. The amount of each payment will be according to the monthly payment as of the date of the NOD. Plaintiff need not pay late fees or cure the entire amount of past default at this time but may be required in equity to cure the entire past default as a condition of any future permanent injunction.

IT IS FURTHER ORDERED that during the injunction period the parties will engage in the state Foreclosure Mediation Program, if available. If not available, Defendants will conduct a private mediation with Plaintiff in good faith. The beneficiary must send a representative to the mediation with actual authority to modify the note, although actual modification is not required. Plaintiff will provide requested information to Defendants in advance of the mediation in good faith.

IT IS FURTHER ORDERED that Plaintiff's failure to make interim payments or to participate in mediation will result in dismissal of the case.

1     IT IS SO ORDERED.

2  DATED: This 30th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge